## Commonwealth v. Healey

*Fahey & Casper, Louis Feldman,* for relator.
*E. C. Marianelli,* for respondent.

VALENTINE, P. J., January 2, 1947.—Relator seeks, by this habeas corpus proceedings, to procure the release of his wife, Regina Thomas Graver, who was born March 26, 1929, and is now confined to the juvenile division of the Women's Detention Home.

The records show that Regina was a neglected and dependent child within the meaning of section 1, pars. (2), (5) (*d*) and (6) of the Act of June 2, 1933, P. L. 1433, commonly known as the Juvenile Court Law.

The mother of the child was dead; the father's whereabouts unknown, and in addition to being a dependent child she came within the statutory definition en-

visioned in paragraph (5) (*d*), supra, which reads as follows:

"A child whose parent, guardian, custodian or legal representative neglects or refuses to provide the special care made necessary by his or her mental condition."

Upon petition and due hearing, the juvenile court, on May 19, 1944, made the following order:

"Now May 19, 1944, upon due hearing of petition by Miss Mary Brady, we find as therein averred that Regina Thomas, 15 years old, of 181 Lincoln street, Wilkes-Barre, needs our care, and for the best interests of all concerned should be committed to the custody of Luzerne County Institution District for placement, which is accordingly done.

By the Court,
/s/ VALENTINE, P. J."

The Luzerne County Institution District placed Regina in the care of the United Charities of Hazleton. This was in compliance with section 13 of the Juvenile Court Act, which provides:

"In any case where the Court shall award a dependent, neglected or delinquent child to the care of any association, society or individual, the child shall, unless otherwise ordered, become a ward, and be subject to the guardianship of the association, society or individual to whose care it is committed. Such association, society or individual shall have authority, with the consent of the Court, to place such child in a suitable family home. Such guardianship shall not include the guardianship of any estate of the child."

On December 5, 1946, while still under the care of the United Charities at Hazleton, Regina and Lawrence E. Graver went to Maryland where they were married. Notwithstanding this marriage ceremony the child remains the ward of the juvenile court, and the order of this court, committing her to the custody of the Luzerne County Institution District for place-

ment cannot be rescinded or modified by a proceeding such as the one here adopted. Her present detention is pursuant to an order of commitment by the juvenile court. She is not improperly restrained of her liberty, and the application for her discharge on habeas corpus is refused.

The testimony taken on the hearing disclosed that Regina was no longer a dependent child. She is now married and not without means of support. Therefore, upon proper application, made pursuant to section 12 of the Juvenile Court Act, which provides: ". . . When any child to whom the jurisdiction of the juvenile court has attached has been released on probation, such probation shall, at the discretion of the judge of the juvenile court, be taken to continue in full force and effect until such child attains the age of twenty-one years, . . ." we will consider vacating or modifying the order which is the basis for the child's present detention. Vacating this order would have the effect of placing the responsibility for her care upon her husband and his mother, which they have agreed to assume.